## The Koehring Machine Company, Appellee, v. Chicago Builders Specialties Company, Appellant.

### Gen. No. 17,900.

1. DAMAGES—*breach of contract.* Where defendant files a set-off on account of plaintiff having sold a number of machines in territory which by contract it had given exclusively to defendant, the measure of damages is the profit which defendant would have made had it sold the machines at the same price.

2. CONTRACTS—*construction of contract giving exclusive sale.* Where plaintiff by contract gave defendant exclusive sale of its machines in certain territory and agreed to refer to defendant all inquiries relating to their purchase in the territory, and a firm having their main offices in the territory send an agent to plaintiff's offices outside such territory and afterwards plaintiff sells the firm a number of the machines to be sent to places outside the territory, there is a violation of the contract, and it is error for the court to direct a verdict for plaintiff for an undisputed sum without making any allowance for damages claimed by defendant in his set-off.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed on remittitur. Opinion filed January 28, 1913.

CHARLES J. KAVANAGH, for appellant.

MONTGOMERY, HART & SMITH, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff, the appellee, entered into a contract with defendant, the appellant, whereby it gave defendant the exclusive right to solicit for orders and to sell its concrete mixers in certain designated territory, including Chicago, and agreed to bill all machines ordered under said contract to defendant at its regular list price less a discount of 25% therefrom, to ship as directed and by such routes and at such times as defendant might instruct, and to promptly refer to defendant "all inquiries relating to the purchase of the Koehring concrete mixer in the territory" thus designated. In consideration thereof, defendant agreed not to become interested in the sale of any other mixers in said territory, except second-hand mixers, and to purchase not less than 25 mixers during each and every year of the contract, with the view of reselling them. Plaintiff brought suit for an undisputed sum of $1,461.53, due on purchases made by defendant under said contract.

While said contract was in force, plaintiff sold four of said mixers to Blome & Company of Chicago, at 10% below their list price of $4,800. Defendant filed a set-off for $1,200, 25% of said list price, and urges that it is entitled to at least 15% ($720) thereof—the profit it would have made had it sold the mixers at the same price, and that the court erred in disregarding such set-off, and directing verdict for plaintiff's claim of $1,461.53.

Plaintiff had its office in Milwaukee, and Blome & Company had its main office in Chicago and branch offices in other states. The latter company sent one of its employees from Chicago to plaintiff's office in Milwaukee to investigate plaintiff's mixers and prices.

102 . APPELLATE COURTS OF ILLINOIS.

Koehring Machine Co. v. Chicago B. S. Co., 177 Ill. App. 100.

Plaintiff knew he represented said Chicago company, and later telephone conversations between the two companies relative to the matter were had, and the mixers were bought and shipped to other states as Blome & Company directed.

As we view it, it was immaterial whether such sales were made in Milwaukee or Chicago so long as the inquiry therefor emanated from the Chicago office of the purchaser. The purpose and terms of the contract required plaintiff to refer such inquiries to defendant, and it was the manifest intendment of the contract, as we construe it, that defendant should have the exclusive right to sell not only to all persons in the territory designated, but to all in that territory making inquiries with a view to purchasing said mixers, whether they were to be used in said territory, or elsewhere, for plaintiff was to route them as defendant directed.

That being the case, the actual damage sustained by defendant for breach of the contract was the loss of profit defendant would have made had it sold the machines at the same price, namely, $720. Cincinnati S.-L. G. I. Co. v. Western S.-L. Co., 152 U. S. 201. The court erred in directing a verdict without making such allowance. The facts are undisputed, hence if appellee will within ten days from the filing of this opinion file in this court a remittitur of $720, the judgment will be affirmed, appellee to pay the costs of this court; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Affirmed on remittitur.*